IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIN SCHWEIKERT,** | **CIVIL ACTION** |
| *Plaintiff,* | |
| v. | No. 20-4310 |
| **THOMAS EAGLE,** *et al.*, | |
| *Defendant.* | |

### MEMORANDUM OPINION

**Goldberg, J.**                                                                 **February 9, 2022**

Plaintiff, Erin Schweikert, filed this lawsuit against Defendants Thomas Eagle and his employer, URS Federal Services, Inc, asserting negligence claims in the Philadelphia County Court of Common Pleas. Defendants removed this case to this Court under 28 U.S.C. § 1446. Presently before me is Defendants' Motion for Summary Judgment on all claims. For the reasons set below, I will deny the Motion.

**I.      STATEMENT OF FACTS**

The following facts are taken from the parties' evidence and are undisputed.

On July 23, 2018, Plaintiff was in a crosswalk at 30th and Chestnut Streets in Philadelphia, Pennsylvania, when she was struck by a vehicle driven by Defendant Thomas Eagle and owned by Defendant URS Federal Services ("URS"). (Pl.'s Ex. A.) According to Eagle, when he proceeded to drive out of the loading dock area on to the roadway on 30th Street, the front right side of his vehicle struck Plaintiff. (Id.) Plaintiff was brought to the Penn Presbyterian Hospital emergency room complaining of back pain. (Pl.'s Ex. C.) She was diagnosed with a triquetral fracture (a wrist fracture) and discharged with a prescription for ibuprofen. (Pl.'s Ex. D.)

Plaintiff followed up with David Bozentka, M.D. and complained of "volar wrist discomfort." (Pl.'s Ex. E.) A subsequent MRI of her lumbar spine revealed disc degeneration with broad disc protrusion and marginal osteophytosis at several levels. (Pl.'s Ex. F.)

On November 29, 2018, Plaintiff met with Dr. Ira Sachs of the Philadelphia Orthopedic Group, described the auto accident in detail, and discussed her low back pain, neck stiffness, and right wrist pain. (Pl.'s Ex. G.) Upon examination and review of the MRI, Dr. Sachs diagnosed her with cervical and lumbosacral strain and sprain, left far lateral foraminal disc herniation at L4-L5, a healing triquetral fracture, and lumbar radiculitis. (Id.)

Plaintiff was evaluated by Dr. John McPhilemy of the Philadelphia Orthopedic Group on February 28, 2019. (Defs.' Ex. D.) Following the examination and review of her MRI, he noted that Plaintiff had unresolved cervical and lumbosacral strain and sprain with unresolved low back pain and radiculitis, far left foraminal disc herniation at L4-5, and a healed triquetral fracture. (Id.)

On April 12, 2019, Plaintiff presented to Princeton Brain & Spine for evaluation given her persistent neck and low back pain. Plaintiff reported that her symptoms began after the July 23, 2018 accident and have persisted since. Plaintiff also complained of constant aching pain in her low back and intermittent pain in her neck. (Pl.'s Ex. H.) Dr. Nirav Shah opined that Plaintiff had "posttraumatic neck and low back pain causally-related to the accident." (Id.) Dr. Shah remarked that "[c]learly, this accident has created a significant quality of life issue with limitations in activities of daily living." (Id.) He recommended acupuncture and massage therapy, potential injections, and, if necessary, surgical intervention. (Id.)

Plaintiff met with pain specialist Young Lee, M.D. on May 29, 2020, again indicating neck and lower back pain since the automobile accident. (Pl.'s Ex. I.) Examination revealed a reduction in range of motion and strength in her cervical spine, upper extremities, lumbar spine, and lower extremities. Dr. Lee recommended a medial branch nerve block, which would be repeated up to

twice. (Id.) Plaintiff had a follow-up visit in June 2020, at which point Dr. Uplekh Purewal—Dr. Lee's colleague—noted that Plaintiff had already had two medial branch nerve blocks. (Pl.'s Exs. J, K.) Dr. Purewal performed a third round of nerve blocks on July 29, 2020. (Pl.'s Ex. K.)

From September 17, 2018 until November 18, 2019, Plaintiff attended a total of 172 physical therapy appointments with ATI Physical Therapy. (Pl.'s Ex. K.)

Plaintiff filed suit in the Philadelphia County Court of Common Pleas on July 17, 2020, alleging various injuries as a result of Defendant's negligence. Specifically, Plaintiff asserts that the accident resulted in the following: "triquetral fracture, left far lateral/intra foraminal disc herniation at L405, broad disc protrusion at L5-SI, tear of the plantar plate in the right foot, sprain of ligaments at the cervical, thoracic, and lumbar spine, contusions of lower back and pelvis, cervicalgia, strains of muscles, fascia and tendons, at wrist and hand level, among other injuries." (Compl. ¶¶ 11-17.)

Following initiation of suit, Plaintiff underwent an independent medical examination by orthopedic surgeon, Christian Fras. Dr. Fras concluded that Plaintiff "has not suffered any serious impairment of bodily function attributable to any episode of July 23, 2018." (Def.'s Ex. A.) He found no objective findings to substantiate her subjective complaints of pain and remarked that any ongoing pain could not be attributed to the automobile accident. (Id).

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute is "genuine" if there is a sufficient evidentiary basis on which a reasonable factfinder could return a verdict for the non-moving party, and a factual dispute is "material" if it might affect the outcome of the case under governing law. Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court must view the evidence in the light most favorable to the non-moving party. Galena v.

Leone, 638 F.3d 186, 196 (3d Cir. 2011). "[U]nsupported assertions, conclusory allegations or mere suspicions" are insufficient to overcome a motion for summary judgment. Schaar v. Lehigh Valley Health Servs., Inc., 732 F. Supp. 2d 490, 493 (E.D. Pa. 2010) (citing Williams v. Borough of W. Chester, Pa., 891 F.2d 458, 461 (3d Cir. 1989)).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's burden can be met by showing that the non-moving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." Id. at 322. After the moving party has met its initial burden, summary judgment is appropriate if the non-moving party fails to rebut the moving party's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A).

## III. DISCUSSION

Defendants seek summary judgment on Plaintiff's negligence claims, arguing that medical injury and causation must be supported by expert testimony, which Plaintiff has failed to offer. Defendants also contend that Plaintiff's non-compliance with this Court's scheduling order precludes her from now filing an expert report to meet her burden of proof. According to Defendants, because the sole medical testimony is from an independent medical examiner, who opined that Plaintiff's injuries were not caused by the automobile accident, no genuine issues of material fact remain.

4

## A. Whether There Are Sufficient Facts on Causation Such that an Expert Is Not Needed

Pennsylvania common law[1] requires plaintiffs to prove the existence of a causal relationship "between the injury complained of and the alleged negligent act to be entitled to recover for the injury." Lattanze v. Silverstrini, 448 A.2d 605, 608 (Pa. Super. Ct. 1982).  In most circumstances, a plaintiff must prove causation by expert medical testimony.  Id.  However, there is exception to this rule where there is an obvious causal relationship between the injury and the alleged negligent act.  Id.  When an obvious causal relationship exists, expert medical testimony is unnecessary.  Smith v. German, 253 A.2d 107, 109 (Pa. 1969).

An obvious causal relationship is present "where the injuries are either an 'immediate and direct' or the 'natural and probable' result of the alleged negligent act."  Id. (quoting Tabuteau v. London G. & A., Ltd., 40 A.2d 396 (Pa. 1945); and Fenstermaker v. Bodamer, 171 A.2d 641 (Pa. 1961)).  "The two must be so closely connected and so readily apparent that a layman could diagnose (except by guessing) the causal connection . . . ."  Smith, 253 A.2d at 109.  Typically, cases with an obvious causal connection share two common characteristics: (1) the plaintiff began exhibiting symptoms immediately after the accident or in a short time thereafter, and (2) the injury complained of was the type one would reasonably expect to result from the accident in question.  Lattanze, 448 A.2d at 223–24.

Where an injury is delayed or would not reasonably result from the negligent act, courts have declined to find an obvious causal relationship.  See, e.g., Casper v. Halstead, No. 3714 EDA 2015, 2017 WL 838474, at *4 (Pa. Super. Ct. Mar. 3, 2017) (holding that obvious causal relationship did not exist because an individual involved in a car accident "stated that he 'felt fine' immediately after the accident," "did not remember if he hit his leg during the impact," and "did not seek medical

---

[1] Neither party disputes that Pennsylvania law applies.

attention until five or six days later."); Albert v. Alter, 381 A.2d 459, 469–471 (Pa. Super. 1977) (finding no obvious causal relationship for a back injury occurring after a collision between a tractor-drawn haywagon and a car where "[s]ometime subsequent to the accident," the appellant developed lower back pain despite only reporting of foot and leg fractures initially after the collision).

By contrast, where the injuries were both (a) immediate and direct and (b) a natural and probable result of the alleged negligent act, courts have found an obvious causal connection. See, e.g., Neison v. Hines, 653 A.2d 634 (Pa. 1995) (finding that soft tissue damage, cervical sprain, and herniated disc after an automobile accident were injuries of a type that naturally and normally cause pain and should have been considered by a jury as causally connected); Fenstermaker, 171 A.2d at 642–43 (finding an obvious causal connection where the plaintiff had neck, shoulder and elbow pain that developed shortly after an auto accident, and doctor prescribed a neck brace and leather collar).

Here, a genuine issue of material fact exists as to whether there is an obvious causal relationship between Plaintiff's injuries and the car accident. It is undisputed that Plaintiff was a pedestrian who was struck by an automobile and she was brought to the emergency room where she immediately complained of back pain. Less than two months later, an MRI of her lumbar spine showed disc degeneration with broad disc protrusion and marginal osteophytosis at several levels. Plaintiff continued to treat with various doctors over the next year and a half, repeatedly complaining of lower back pain that began on the date of the accident. From September 17, 2018 until November 18, 2019, Plaintiff attended a total of 172 physical therapy appointments. Based on this evidence, a jury could conclude that these injuries were both (a) immediate and direct and (b) a natural and probable result of being struck by an automobile, thereby creating an obvious causal connection between the negligent act and the injury. In turn, no expert testimony would be necessary.[2]

---

[2]   In their Reply brief, Defendants cursorily raise the argument that Plaintiff has not suffered a serious impairment of a bodily function. In support of this argument, they cite to selected excerpts of

### B. Whether the Federal Rules of Civil Procedure Preclude Plaintiff's Reliance on Her Treating Physicians' Testimony

Alternatively, Defendants contend that, if a jury cannot find an obvious causal connection, Plaintiff is precluded from offering any expert causation testimony. Specifically, Defendants urge that, to date, Plaintiff has neither identified any experts nor served Defendants with an expert report. As the deadline to file an expert report under the operable scheduling order expired on September 27, 2021, Defendants posit that, Plaintiff is precluded from presenting any expert causation testimony.

Under Federal Rule of Civil Procedure 26(a)(2)(A), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705. Witnesses who are "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony" must provide the opposing party with reports for the testifying experts. Fed. R. Civ. P. 26(a)(2)(B).

With respect to diagnosis and treatment of a patient, treating physicians may testify as lay witnesses based on their observations. See Evans v. Capital Blue Cross, No. 19-cv-497, 2021 WL 825764, at *6 (M.D. Pa. March 4, 2021); Mracek v. Bryn Mawr Hospital, 610 F. Supp. 2d 401, 406 (E.D. Pa. 2009). As to opinions on causation, treating physicians must be disclosed as experts under Rule 26(a)(2)(A) only if they are "retained or specially employed to provide expert testimony in the case" or if their "duties as the party's employee regularly involve giving expert testimony." Pease v. Lycoming Engines, No. 10-cv-843, 2012 WL 162551 at *13 (M.D. Pa. Pa. Jan. 19, 2012) (quoting Fed. R. Civ. P. 26(a)(2)(B)). Where treating physicians "form their opinion on causation or prognosis as part of the ordinary care of a patient," they are not required to provide Rule 26(a)(2)(B) expert reports. Id. at *13; see also Mracek, 610 F. Supp. 2d at 406 ("[t]reating physicians are not required to submit expert reports when testifying based on their examination."). This principle is premised on

---

Plaintiff's deposition testimony and isolated portions of Plaintiff's medical records. Based on the evidence before me, resolution of this issue is not appropriate for summary judgment.

the notion that it is commonplace for a treating physician "to consider things such as the cause of the medical condition, the diagnosis, the prognosis and the extent of disability caused by the condition, if any." Pease, 2012 WL 162551, at *13.

If a treating physician is not required to prepare an expert report, then Federal Rule of Civil Procedure 26(a)(2)(C) only requires that the offering party provide the subject matter and a summary of the physician's expected testimony, as well as the facts and opinions to which he or she expect to testify. Pease, 2012 WL 162551 at *12; see also Fed. R. Civ. P. 26(a)(2)(C) (providing that if the witness is not required to provide a written expert report, the party presenting this disclosure must state both (i) the subject matter on which the witness is expected to present evidence and (ii) a summary of the facts and opinions to which the witness is expected to testify).

Here, both sides seem to agree that the physicians will be offering their opinions on causation as acquired directly through their treatment of Plaintiff. Accordingly, none of the treating physicians are required to submit an expert report under Rule 26(a)(2)(B). Rather, they must simply comply with the requirements of Rule 26(a)(2)(C). As to the first requirement, Plaintiff has provided for Defendants the identity of its fact witnesses pursuant to Rule 26(a)(2)(A). (See Ex. M.) Additionally, Plaintiff has reiterated that she will call her treating physicians as experts on causation.[3] (See Ex. N.)

As to the second requirement, however, Plaintiff has failed to provide the specific summaries of her medical witnesses' expected testimony. Nonetheless, this failure does not call for exclusion of Plaintiff's treating physician testimony. The United States Court of Appeals for the Third Circuit

---

[3] Defendants cite the Pennsylvania Superior Court case of Karkalas v. Martin, No. 3176 EDA 2015, 2016 WL 5920417, at *7 (Pa. Super. Ct. Sept. 6, 2016) for the proposition that the notes of Plaintiff's treating physicians "simply do not demonstrate the detailed search for the causes of Appellant's injuries with the physician considering various possible causes for the injuries and ruling them out before settling on the accident as a cause."
    Defendants' briefing offers little guidance on how I am to apply that principle here. For purposes of summary judgment review, I find that Plaintiff's treating physician notes create a genuine issue of material fact as to causation. Defendants may re-raise this issue either through a motion *in limine* following depositions or at trial following the physicians' testimony.

instructs district courts to consider the following factors in exercising its discretion to exclude expert testimony:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order.

McCann v. Miller, 502 F. App'x 163, 172 (3d Cir. 2012) (quotations omitted). In addition, the court should consider the importance of the excluded testimony as "the exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." Id. (quotations omitted).

The application of these factors does not warrant exclusion of Plaintiff's treating providers. This case is at the summary judgment stage with no trial scheduling order in place. Accordingly, trial is not imminent, and no existing court schedule will be disrupted. Moreover, Defendants can hardly claim surprise at Plaintiff's reliance on these providers given Plaintiff's identification of these providers in discovery. Defendants also have not established any bad faith or willfulness on Plaintiff's part. Finally, I note that such testimony is essential to Plaintiff's case because exclusion of this testimony could, in effect, constitute judgment against her.

Certainly, I recognize that Defendants are entitled to know precisely which of Plaintiff's fourteen medical providers will offer causation testimony and what the extent of their testimony will be. Accordingly, I will enter an Order requiring Plaintiff to (a) identify precisely which medical providers will be called on the issue of causation, and (b) produce the requisite summaries under Rule 26(a)(2)(C). Thereafter, Defendant will have the opportunity to depose these witnesses.[4]

---

[4] Defendants propose this precise type of relief in the event I am not inclined to grant summary judgment.

9

## IV.     CONCLUSION

For the reasons stated above, Defendants' Motion will be denied.  An order follows.